**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TRACIE SLADE,** | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action No. 1:09-cv-541** |
| **v.** | : | |
| | : | **(Chief Judge Kane)** |
| | : | |
| **HERSHEY COMPANY,** | : | |
| **Defendant.** | : | |

## MEMORANDUM

Pending before the Court is Defendant Hershey Company's motion to dismiss pursuant to Rule 12(b)(6), for plaintiff's failure to state a claim upon which relief can be granted. (Doc. No. 7.) The motion has been fully briefed and is ripe for disposition. For the reasons that follow, the motion will be denied.

## I.    BACKGROUND[1]

On July 26, 1982, Plaintiff Tracie Slade was hired by Defendant Hershey Company as a production employee. (Doc. No. 1 ¶ 6.) Beginning in April 2006 through the date of her leave due to disability on February 21, 2008, Plaintiff asserts that she was subjected to a hostile work environment because of her race. (Id. ¶ 7.) This hostile work environment was created by Defendant's management, who subjected Plaintiff to false accusations that she intimidated her co-workers and that she caused personnel and production problems on the production line. (Id. ¶¶ 8, 9.) According to Plaintiff, the harassment peaked on August 9, 2007, when she was falsely

---

[1] As is required by the standard of review applicable to motions to dismiss pursuant to Rule 12(b)(6), for purposes of its disposition herein only, the Court accepts Plaintiff's allegations as true. See Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008).

accused of inappropriate conduct and suspended for one day. (Id. ¶ 11.)

That same day, on August 9, 2007, Plaintiff had an allergic reaction to peanuts and informed her supervisor. (Id. ¶ 19.) Plaintiff's duties involved contact with peanuts. (Id. ¶ 18.) Plaintiff continued to work around peanuts but used preventive measures such as carrying an EpiPen and pills in the event of an allergic reaction. (Id. ¶ 20.) Plaintiff asserts that she was put on a mandatory leave of absence on February 21, 2008. (Id. ¶ 21.) In early April 2008, Plaintiff was told by Defendant's management that she could return to work on April 28, 2008, if she wore a face mask. (Id. ¶ 22.) Prior to the scheduled return date, however, Defendant requested that Plaintiff provide a second medical opinion regarding her allergy. (Id. ¶ 23.) Upon obtaining the second medical opinion confirming her allergy on May 1, 2008, Plaintiff was no longer permitted to return to work. (Id. ¶¶ 24-25.)

On March 24, 2009, Plaintiff filed a complaint against Defendant alleging violations of Title VII, 42 U.S.C. § 2000e, et seq.; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq.; and the Pennsylvania Human Relations Act, 43 Pa. C.S. § 951, et seq. (Doc. No. 1.) On June 5, 2009, Defendant filed its motion to dismiss. (Doc. No. 7.)

## II.  STANDARD OF REVIEW

In analyzing a complaint under Rule 12(b)(6), "courts 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). The plaintiff still must provide more than a formulaic recitation of a claim's elements that amounts to mere labels and conclusions. Bell Atlantic Corp.

v. Twombly, 550 U.S. 544, 555 (2007). Additionally, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." Id. "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 234 (internal quotations and citations omitted).

The Third Circuit has outlined the analysis a district court should undergo in determining whether the pleading standard has been met:

> [W]hen presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted).

## III.    DISCUSSION

Plaintiff has brought claims under Title VII, the ADA, and the PHRA. Defendant has not challenged the PHRA claims in its motion to dismiss; therefore, the Court will not address these claims in its memorandum. The Court will address the Title VII and ADA claims in turn.

### A.    Title VII claim

To state a claim under Title VII, the evidence must establish that: (1) the plaintiff suffered intentional discrimination because of her race; (2) the discrimination was pervasive and regular; (3) it detrimentally affected her; (4) it would have detrimentally affected a reasonable person of the same protected class in her position; and (5) there is a basis for vicarious liability.

Caver v. City of Trenton, 420 F.3d 243, 262 (3d Cir. 2005) (citing Cardenas v. Massey, 269 F.3d 251, 260 (3d Cir. 2001)).  In determining whether the conduct at issue is sufficiently extreme, a court is to consider the totality of the circumstances. Id. (citing Andrews v. City of Philadelphia, 895 F.2d 1469, 1482 (3d Cir.1990)).  "As such, 'a discrimination analysis must concentrate not on individual incidents, but on the overall scenario.'" Id. at 262-63 (quoting Andrews, 895 F.2d at 1484).

In her first claim, Plaintiff alleges that Defendant created a hostile environment against her because of her race.  Specifically, she alleges that between April 2006 and February 2008, Defendant's management created a hostile work environment by subjecting Plaintiff to false accusations of intimidating her co-workers and causing personnel and production problems on the production line.

Defendant argues that Plaintiff's allegations are "insufficient to establish pervasive and regular racially based harassment under a hostile work environment claim." (Doc. No. 9 at 9.) Defendant avers that Plaintiff can point to only one specific instance of harassment where she was subject to a one-day suspension based on a false accusation of inappropriate conduct. (Id.) As a result, Defendant argues that Plaintiff's complaint is devoid of "any allegations of race based 'intimidation, ridicule, or insult' or any other evidence connecting the alleged actions of Defendant to Plaintiff's race." (Id.)

The Court finds that Plaintiff has alleged sufficient facts to overcome Defendant's motion to dismiss.  Taking Plaintiff's allegations in the complaint as true, Plaintiff was subjected to an almost two-year span of false accusations that she intimidated her co-workers and that she caused production line problems.  Plaintiff has alleged that she was a target for these accusations

because she is black.  If proven, such allegations provide Plaintiff with a cognizable discrimination claim.  See Abramson v. William Paterson College of New Jersey, 260 F.3d 265, 278-79 (3d Cir. 2001) ("[I]f a plaintiff presents sufficient evidence to give rise to an inference of discrimination by offering proof that her 'workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment,' and the conduct is based on one of the categories protected under Title VII, a hostile work environment claim will survive summary judgment." (citation removed)); Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1082-84 (3d Cir. 1996) (reversing summary judgment for employer-defendant and finding jury could find a hostile work environment where, inter alia, employer subjected black plaintiff employees to false accusations of favoritism, incompetence, and made them do menial jobs).

Plaintiff has adequately alleged sufficient facts to survive Defendant's motion to dismiss because "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  UPMC Shadyside, 578 F.3d at 210-11 (citation omitted). Therefore, Defendant's motion to dismiss Plaintiff's Title VII claim will be denied.

**B.    ADA Claim**

Defendant raises several challenges to Plaintiff's ADA claim.[2]  First, Defendant argues that Plaintiff has failed to plead a disability under the ADA.  (Doc. No. 9 at 12-13.)  Second, Defendant avers that Plaintiff has not pled and cannot demonstrate that she could have performed the essential functions of her position with or without reasonable accommodation. (Id.

_____

[2] As Plaintiff points out, Count II of her complaint is based on the ADA, Title VII, and the PHRA. (Doc. No. 12 at 3.)  Because the Court determines above that Plaintiff's Title VII claims survive dismissal, the Court will not address it further here.

at 13-14.)  Finally, Defendant argues Plaintiff has failed to sufficiently plead a failure to accommodate claim. (Id. at 15-17.)  The Court will address each argument in turn.

### i.    Plaintiff Has Adequately Pled a Disability

To establish a prima facie case of discrimination under the ADA, a plaintiff must show (1) that she has a disability within the meaning of the ADA, (2) that she is qualified to perform the essential functions of her job, with or without reasonable accommodation, and (3) that she suffered an adverse employment action because of her disability. See Turner v. Hershey Chocolate U.S., 440 F.3d 604, 611 (3d Cir. 2006).  The ADA defines "disability" as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment . . . ."  42 U.S.C. §12102(1).

The Supreme Court has provided a three-step framework for evaluating whether a plaintiff is disabled. See Bragdon v. Abbott, 524 U.S. 624, 631 (1998). First, the Court must determine whether the plaintiff has a physical impairment. Id. Second, the Court must identify the life activities on which the Plaintiff relies and determine whether any one constitutes a major life activity under the ADA. Id.  Third, "tying the two statutory phrases together, [the Court must] ask whether the impairment substantially limited the major life activity." Id.  EEOC regulations interpreting the Act define the term "major life activities" to include "functions, such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i). "Substantially limits" means that the person is either unable to perform a major life function or is "[s]ignificantly restricted as to the condition, manner or duration" under which the individual can perform a particular major life function, as

compared to the average person in the general population. 29 C.F.R. § 1630.2(j).

At the pleading stage, however, a plaintiff is not required "to go into particulars about the life activity affected by her alleged disability or detail the nature of her substantial limitations." UPMC Shadyside, 578 F.3d at 213. Rather, a complaint must identify an impairment and allege that such impairment constitutes a disability under ADA. See id. "Of course, [a plaintiff] must ultimately prove that she is substantially limited in a recognized major life activity to prevail on her claim." Id. at 214. Yet, even after Twombly and Iqbal, a plaintiff's allegation regarding disability is sufficient at the pleading stage. Id. at 214. (citing Equal Employment Opportunity Comm'n v. J.H. Routh Packing Co., 246 F.3d 850, 854 (6th Cir. 2001) ("[S]o long as the complaint notifies the defendant of the claimed impairment, the substantially limited major life activity need not be specifically identified in the pleading.")).

Taking Plaintiff's allegations in the complaint as true, Plaintiff has alleged that she suffered from a disability. Plaintiff alleges that her "duties involved contact with peanuts" and that on August 9, 2007, "Plaintiff had an allergic reaction to peanuts." (Doc. No. 1 ¶¶ 18-19.) This impairment required Plaintiff to use preventive measures such as carrying an EpiPen and pills in the event of an allergic reaction. (Id. ¶ 20). An allergy to peanuts may qualify as a disability under the ADA if it impairs a major life activity, such as breathing. See Equal Employment Opportunity Comm'n v. United Parcel Serv., Inc., 249 F.3d 557, 562-63 (6th Cir. 2001); Homeyer v. Stanley Tulchin Assoc., Inc., 91 F.3d 959, 961 (7th Cir. 1996). Therefore, because this is "the pleading stage, [Plaintiff's] allegation regarding disability is sufficient." UPMC Shadyside, 578 F.3d at 214.

### ii.    Plaintiff Has Adequately Pled She Was "Regarded as Having" a Disability.

There are two ways in which individuals may be "regarded as having" a disability. <u>Sutton v. United Air Lines, Inc.</u>, 527 U.S. 471, 489 (1999) (citing 42 U.S.C. §12102(2)).  Either an employer may mistakenly believe that an employee has a physical impairment that substantially limits one or more major life activities, or an employee may have a non-limiting physical impairment which the employer mistakenly believes limits the employee's major life activities. <u>Id.</u>  "In both cases, it is necessary that [the employer] entertain misperceptions about the individual--it must believe either that one has a substantially limiting impairment that one does not have or that one has a substantially limiting impairment when, in fact, the impairment is not so limiting." <u>Id.</u>

Plaintiff has adequately alleged that she was "regarded as having" a physical impairment. Based on the facts alleged in Plaintiff's complaint, the actions taken by Defendant show that Defendant believed that Plaintiff had a physical impairment that substantially limited one or more major life activities.  Several months after having an allergic reaction to peanuts, Plaintiff was put on a mandatory leave of absence.  (<u>Id.</u> ¶ 21.) Plaintiff was told by Defendant's management that she could return to work if she wore a face mask, but Defendant also asked that Plaintiff provide a second medical opinion regarding her allergy. (<u>Id.</u> ¶¶ 22-23.)  Upon obtaining the second medical opinion confirming her allergy, Plaintiff was no longer permitted to return to work.  (<u>Id.</u> ¶¶ 23-25.)  From the face of Plaintiff's complaint, then, Plaintiff has alleged adequate facts to show that Defendant mistakenly believed either (1) that she had a physical impairment that substantially limited one or more major life activities, or (2) that an actual, non-limiting impairment substantially limited one or more of her major life activities.  <u>See</u> <u>Sutton</u>, 527 U.S. at

489.

### iii. Plaintiff's Complaint is Sufficiently Pled in Regard to Reasonable Accommodation.

Defendant argues that Plaintiff has not pled and cannot demonstrate that she could have performed the essential functions of her position with or without reasonable accommodation. (Id. at 13-14.)  Additionally, Defendant argues Plaintiff has failed to sufficiently plead a failure to accommodate claim. (Id. at 15-17.)

The Court finds that Plaintiff has adequately pled her ADA claim.  "[P]ost-Twombly, . . . a plaintiff is not required to establish the elements of a prima facie case but instead, need only put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" UPMC Shadyside, 578 F.3d at 213 (citation omitted).  The Court finds that Plaintiff adequately stated a claim under the ADA when she alleged that "Defendant failed to discuss reasonable accommodations which would allow . . . Plaintiff to return to work." (Doc. No. 1 ¶ 26.)  It also appears from Plaintiff's complaint that Plaintiff would have been amenable to wearing a face mask as a reasonable accommodation to continue working. (Id. ¶ 22.)  At this stage in litigation, Plaintiff is not required to prove the elements of her claim.  UPMC Shadyside, 578 F.3d at 213; see also McGary v. City of Portland, 386 F.3d 1259, 1270 (9th Cir. 2004) (noting that the inquiry regarding reasonable accommodation is fact-specific, requires case-by-case determination, and is generally not appropriate for dismissal solely on the pleadings).  Therefore, Defendant's motion to dismiss will be denied.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss will be denied.  An order

consistent with this memorandum follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

**TRACIE SLADE,**                                        **:**

|                        |   |                              |
|------------------------|---|------------------------------|
| **Plaintiff,**         | : |                              |
|                        | : | **Civil Action No. 1:09-cv-541** |
| **v.**                 | : |                              |
|                        | : | **(Chief Judge Kane)**       |
|                        | : |                              |
| **HERSHEY COMPANY,**   | : |                              |
| **Defendant.**         | : |                              |

## <u>ORDER</u>

    **AND NOW**, this 8th day of December 2009, upon consideration of Defendant's motion to dismiss (Doc. No. 7), and for the reasons more fully set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the motion is **DENIED**.


                S/ Yvette Kane_____
                Yvette Kane, Chief Judge
                United States District Court
                Middle District of Pennsylvania