IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TRACIE SLADE,** | : | No. 1:09CV00541 |
| Plaintiff | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| **HERSHEY COMPANY,** | : | |
| Defendant | : | |
| | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is Magistrate Judge William T. Prince's report and recommendation, (Doc. 51), proposing this court grant Defendant Hershey Company's motion for summary judgment, (Doc. 37). Plaintiff Tracie Slade filed an objection to the report and recommendation.[FN1] (Doc. 52). The matter is fully briefed and ripe for disposition.

## BACKGROUND

Defendant Hershey, a candy manufacturer, employed Plaintiff Slade on a variety of production lines continuously from 1982 until the filing of this suit. (Doc. 51 at 4).[FN2] In 2007, Slade developed an allergy to nuts, which

---

[FN1] Plaintiff filed her objection with the court on May 3, 2011, one day later than the May 2, 2011 deadline. FED. R. CIV. P. 72(b)(1). This court chooses to exercise its discretion and excuse the short delay. We rule upon the merits of the objection.

[FN2] The recitation of the facts in Magistrate Judge Prince's report and recommendation are largely undisputed and generally not objected to by either party. After review of the entire record, we choose to simplify our presentation and cite to the

1

defendant uses extensively in its candy making facilities.<sup>FN3</sup> (Id. at 5). On February 21, 2008, plaintiff experienced an allergic reaction at work. (Id. at 6). Out of caution, Hershey placed Slade on a leave of absence and provided her long-term disability benefits pursuant to a collective bargaining agreement. (Doc. 37-1 at 18). From 2008 forward, Slade has not returned to work. (Id.)

Following the incident, several doctors diagnosed Slade as allergic to nuts. (Id.) Slade suffers no reaction and requires no medication if she avoids contact with nuts. (See Id.) Therefore, doctors recommend that Slade strictly avoid ingestion, handling, and exposure to nuts or airborne nut particles. (Id.)

Slade testified that she must now be "mindful of everything" because of her allergy. (Id. at 7). She can no longer eat at certain restaurants that serve nuts, such as Texas Roadhouse. (Id.)  If plaintiff ingests nuts, her throat may close, resulting in potentially fatal suffocation. (Id.)  Directly after eating peanuts, Slade experiences a 15% decrease in lung function that returns to normal after medication. (Id. at 19).  Therefore, Slade must always carry an epinephrine autoinjector and medication to alleviate the symptoms of a possible allergic reaction. (Id.)

After Slade's allergic reaction and subsequent suspension from work,

---

thorough recitation of the background facts in the Report and Recommendation.

<sup>FN3</sup>Because it is undisputed that Slade is at risk of allergic reactions to both peanuts and tree nuts, and because for the purposes of this decision it is immaterial which, at any given time, Slade reacted to or might react to, we use the terms "peanuts," "tree nuts," and "nuts" interchangeably.

Hershey investigated a variety of options for Slade's employment.[FN4] (Id.) Unfortunately, the production facility where Slade worked "[had] nuts everywhere." (Id. at 7). A common ventilation system contaminated the entire warehouse with airborne nut particles. (Id. at 7-8).

Beginning in March of 2008, a series of meetings convened between Slade and Hershey managerial and health staff. (Id. at 9). The parties discussed workplace accommodations that Slade's doctors might approve. (Id.) Slade never produced any written approval from her doctors for her return to work. (Id. at 10-11). Hershey has not removed Slade from suspension and nor asked her to return to work since the 2008 reaction.

Subsequently, Plaintiff Slade filed the instant complaint asserting several claims against Defendant Hershey: race discrimination and a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., and the Pennsylvania Human Relations Act (PHRA), 43 PA. CONS. STAT. §§ 951, et seq.; and for disability discrimination in violation of Title I of the Americans with Disabilities Act (ADA) of 1990, 42 U.S.C. §§ 12101 *et seq.* (West 2008).[FN5] (Doc. 1).

---

[FN4] Slade and Hershey dispute the extent and depth of this investigation. (Id.) Slade claims that Hershey failed to explore nut-free areas of employment, such as the second floor of the Rollo Plant. (Id. at 7) Also, no one ever tested the second floor for the presence of nuts. (Id. at 8, 10-11).

[FN5] Congress amended the ADA in 2008; the amendments took effect on January 1, 2009. ADA Amendments Act of 2008, Pub.L. No. 110-325, 122 Stat. 3553, 3553-59 (2008). The Third Circuit has not yet decided whether these amendments apply retroactively, but they have noted that "every court of appeals decision of which we are aware has held that the amendments are not retroactive." Colwell v. Rite Aid Corp. 602 F.3d 495, 501 n. 5 (3d Cir. 2010) (collecting cases, declining to reach the issue of retroactivity). Here, neither party argues the amendments have retroactive

Defendant filed a motion for summary judgement, (Doc. 37) which this court referred to Magistrate Judge Prince. On April 15, 2011, Magistrate Judge Prince issued a report and recommendation proposing we grant defendant's motion for summary judgment on all claims. (Doc 51). Plaintiff objects to the finding that Hershey did not regard Slade as disabled under the ADA. (Doc. 52).

**JURISDICTION**

Because plaintiff's claim arises under the ADA, 42 U.S.C. § 12101, et seq. and the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, 1-17, Congress grants this court jurisdiction pursuant to 28 U.S.C. § 1331. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). This court exercises supplemental jurisdiction over plaintiff's state-law claim pursuant to 28 U.S.C. § 1367(a). ("In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article II of the United States Constitution.").

**LEGAL STANDARD**

In disposing of objections to a magistrate judge's report and recommendation, this court makes a *de novo* determination of those portions of the report to which parties object. 28 U.S.C. § 636 (b)(1)(C);

---

effect. Thus, "[t]he citations in this opinion are to the statute and regulations as they existed during the events in question." Sulima v. Tobyhanna Army Depot, 602 F.3d 177 (3d Cir. 2010).

see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. We may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

Before the court is the magistrate judge's recommendation to grant defendant's motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. This court grants summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

When considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. Int'l Raw Materials, Ltd. v. Stauffer Chem. Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the suit under the governing law. Id. Where the non-moving party will bear the burden of

proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex v. Catrett, 477 U.S. 317, 322 (1986).  Once the moving party satisfies its burden, the burden shifts to the non-moving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

**DISCUSSION**

Plaintiff objects to Magistrate Judge Prince's finding that Hershey did not regard Slade as disabled under the ADA.[FN6] (Doc. 52). Plaintiff, however, does not object to the recommendation that the court dismiss her claim under the Civil Rights Act or the finding that she is not disabled within the meaning of the ADA. (See Doc. 51; Doc 52). The court addresses plaintiff's objections and Magistrate Judge Prince's findings in turn.

**I. OBJECTED TO PORTION OF THE REPORT AND RECOMMENDATION, PLAINTIFF'S REGARDED AS DISABLED CLAIM**

The ADA makes it unlawful for an employer to discriminate against an employee on the basis of her disability. 42 U.S.C. § 12112(a). The Third Circuit analyzes ADA claims in accordance with burden shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

---

[FN6]Plaintiff brings a disability claim under the Pennsylvania Human Relations Act. (Doc. 42 at 8).  The PHRA and ADA are essentially the same, and Pennsylvania courts generally interpret the state claim to be in accord with its federal counterpart.  Rinehimer v. Cemcolift, Inc., 292 F.3d 375, 382 (3d. Cir. 2002). Therefore, the court's analysis under the ADA will apply to the PHRA claim equally.

See Stanziale v. Jargowski, 200 F.3d 101, 105 (3d Cir. 2000). First, the plaintiff must establish her prima facie case by showing that she belongs to a protected class, was qualified for the position, and suffered an adverse employment decision as a result of discrimination. Lawrence v. National Westminster Bank N.J., 98 F.3d 61, 68 & n. 7 (3d Cir.1996); See McDonnell Douglas, 411 U.S. 792. Next, the burden then shifts to the employer, who must "articulate some legitimate, nondiscriminatory reason for the employee's rejection," thereby rebutting the presumption of discrimination. McDonnel Douglas, 411 U.S. at 802. If the presumption is successfully rebutted, the plaintiff must then show, by a preponderance of the evidence, that the employer's given reasons were a pretext for discrimination. Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981).

Under the ADA, an individual may belong to a protected class in two ways: (1) she has an actual disability within the meaning of the ADA; or (2) she was mistakenly "regarded as" having a disability by her employer. 42 U.S.C. § 12102(1). Slade's complaint brought claims under both definitions. Magistrate Judge Prince found that Slade's condition did not place her within the protected class under either definition. (Doc. 51 at 20-22). Slade only objects to the finding that Hershey did not regard her as disabled. (Doc. 52).

To be "regarded as" disabled, an employer must mistakenly regard the employee as having an impairment that would be classified as a disability under the ADA. Murphy v. United Parcel Service, Inc., 527 U.S. 516, 521-22 (1999). Here, the magistrate judge concluded, and plaintiff does not object, that plaintiff is not disabled within the scope of the ADA.

(See Doc. 52; Doc. 51 at 21, 22-23). Therefore, for defendant to regard plaintiff as disabled, defendant must mistakenly believe that plaintiff's impairment limits her life more seriously than it actually does. Thus, this court analyzes the extent of plaintiff's actual disability and defendant's perception of that impairment.

The ADA defines disability as "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1). Federal regulations include both working and breathing in the category of "major life activities" under the ADA. 29 C.F.R. § 1630.2 (i)(1) (2001). Therefore, an individual is disabled if an impairment substantially limits their capacity to work or breathe. Id.

Magistrate Judge Prince found that Defendant regarded plaintiff as allergic to nuts, an impairment that was transient in nature and did not substantially limit the enjoyment of a major life activity. (Doc. 51 at 22). In her objection, plaintiff asserts that Hershey regarded plaintiff as suffering a chronic and general impairment of her ability to breathe, and that Hershey believed Slade's allergy created an unacceptable risk of her suffering an episode of diminished lung capacity. (Doc 52 at 1-2). Plaintiff provides two separate claims: first, defendant regarded plaintiff as substantially limited in her ability to breathe; second, defendant regarded plaintiff as substantially limited in her ability to work. We address each claim separately.

**A. WHETHER HERSHEY REGARDED SLADE AS SUBSTANTIALLY LIMITED IN HER ABILITY TO BREATHE**

The complaint asserts that defendant regarded plaintiff as disabled because Hershey believed Slade's allergy substantially limited her ability to breathe. A substantial limitation of a major life activity—a disability under

8

the ADA—significantly restricts the condition, manner, or duration of the performance of that activity. Williams v. Philadelphia Housing Authority Police Dept., 380 F.3d 751, 762 (3d Cir. 2004). A court considering whether an impairment is a disability considers "(i) [t]he nature and severity of the impairment; (ii) [t]he duration or expected duration of the impairment; and (iii) [t]he permanent or long term impact resulting from the impairment." 29 C.F.R. § 1630.2(j)(2) (2001). A physical impairment mitigated by medication or other measures is not a disability because it does not amount to a substantial limitation on a major life activity. Sutton v. United Air Lines, Inc., 527 U.S. 471, 482 (1999).

Hershey knows of Slade's allergy to nuts and the drastic effect on her ability to breathe that results from their ingestion. (Doc. 51 at 9). An allergic reaction temporarily reduces Slade's lung function by 15% which "return[s] to normal after bronchiodilator." (Id. at 19). Slade testifies that if she ingests tree nuts, her "throat can close up and [she] can stop breathing and die." (Doc. 42-1 at ¶ 30). However, Hershey also knows of Slade's ability to control her allergy by avoiding nuts and taking medication in the case of a reaction. (Doc. 51 at 7,19).

Plaintiff insists that Hershey perceived her impairment as "permanent and chronic." (Doc. 52 at 1). Though a permanent, chronic, and severe allergy may constitute a disability, courts repeatedly find no disability where plaintiff suffers an avoidable allergic reaction. Gallagher v. Sunrise Assisted Living of Haverford, 268 F. Supp. 2d 436 (E.D.Pa. 2003) (finding no disability where an employee with a severe allergy to animals worked in a nursing home allowing pets); Land v. Baptist Med. Ctr., 164 F.3d 423 (8th Cir. 1999) (holding that an allergy to peanuts affected eating and

9

breathing, but did not substantially limit those major life activities); Maulding v. Sullivan, 961 F.2d 694 (8th Cir.1992) (finding that the plaintiff who was unable to work in a particular lab due to allergies was not disabled under the Rehabilitation Act); Heilweil v. Mount Sinai Hosp., 32 F.3d 718, 723-24 (2d Cir. 1994) (collecting cases).

While each disability inquiry is fact intensive, no reading of the facts here shows Slade's allergy to be a disability. Slade can cure her breathing problem through simple measures such as avoiding exposure to nuts and keeping medication on her person. (Doc. 51 at 7,19). Because plaintiff can mitigate the symptoms of her allergy, she is not disabled under the ADA. Sutton, 527 U.S. at 482. Hershey understands that Slade can take these mitigating precautions. (Doc. 51 at 9). No evidence supports the finding that defendant regarded plaintiff as more limited than she actually is. (See Defendant's Statement of Undisputed Facts, Doc 37-2 ¶¶ 15-60; Plaintiff's Response to the Statement of Undisputed Facts, Doc. 41 ¶¶ 15-60) (disputing the extent of defendant's attempt to accommodate plaintiff's allergy, but not defendant's understanding of plaintiff's allergy). Therefore, the facts read in the light most favorable to the plaintiff do not amount to enough evidence for a reasonable jury to find that Hershey regarded Slade's difficulty breathing as a disability within the meaning of the ADA.

## B. WHETHER HERSHEY REGARDED SLADE AS SUBSTANTIALLY LIMITED IN HER ABILITY TO WORK

Plaintiff also claims that Hershey regarded her as disabled because she was substantially limited in her ability to work. A substantial limitation on an individual's ability to work—a disability under the ADA—is a significant restriction in a "person's 'ability to perform either a class of jobs

or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities.'" <u>Eshelman v. Agere Syss. Inc.</u>, 554 F.3d 426, 435 (3d Cir. 2009) (quoting 29 C.F.R. § 1630.2(j)(3)(i)). An employer regards an employee as disabled if they "misinterpret information about an employee's limitation to conclude that the employee is incapable of performing a wide range of jobs." <u>Taylor v. Pathmark Stores, Inc.</u>, 177 F.3d 180, 190 (3d Cir. 1999). However, an employer does not regard an employee as disabled if they believe that the employee cannot perform one particular job. <u>See</u> <u>id.</u>; <u>Toyota Motor Mfg., Kentucky, Inc. v. Williams</u>, 534 U.S. 184, 200 (2002).

      Hershey believed that Slade could not work in a factory with nuts. However, plaintiff submits no evidence that Hershey considered Slade unable to perform a wide range of production employee jobs; in fact Hershey tried, albeit unsuccessfully, to find Slade similar work in a nut free environment. (Doc. 51 at 9-12). To regard an employee as disabled, an employer must believe that individual cannot perform a wide range of jobs, not just one job in particular. <u>Eshelman v. Agere Sys. Inc.</u>, 554 F.3d 426, 435 (3d Cir. 2009). Hershey believed Slade could work in a wide range of production line jobs in nut-free environments, and thus no reasonable jury could find that defendant regarded plaintiff as disabled. (<u>See</u> Doc. 51; Doc 37-2 ¶¶ 15-60; Doc. 41 ¶¶ 15-60). Accordingly, plaintiff failed to meet her burden at the summary judgment stage and this court dismisses her "regarded as" disabled claims.

## II. FINDINGS WITHOUT OBJECTION

      Plaintiff filed no objection to the report and recommendation that this court dismiss her claim of discrimination under the Civil Rights Act of 1964

and of actual disability under the ADA. The time for such filing has passed. Therefore, in order to decide whether to adopt this portion of report and recommendation, we must determine whether a review of the record evidences plain error or manifest injustice.  See, e.g., Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983); FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); 28 U.S.C. § 636(b)(1). After a careful review, we find neither a clear error on the face of the record nor a manifest injustice. Therefore, we shall adopt the report and recommendation to dismiss plaintiff's hostile work environment and racial discrimination claims under the Civil Rights Act and her claims of actual disability under the ADA.

**CONCLUSION**

For the forgoing reasons, the court will adopt the report and recommendation of Magistrate Judge Prince and grant defendant's motion for summary judgment in whole. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TRACIE SLADE,** | : | No. 1:09CV00541 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **HERSHEY COMPANY,** | : | |
| Defendant | : | |
| | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 26th day of July 2011, upon consideration of the plaintiffs' objections to the report and recommendation of Magistrate Judge William T. Prince, it is HEREBY **ORDERED** as follows:

(1) Magistrate Judge Prince's Report and Recommendation (Doc. 51) is **ADOPTED**;

(2) Plaintiff's objections (Doc. 52) are **OVERRULED**;

(3) Defendant's Motion for Summary Judgement (Doc. 37) is **GRANTED**; and

(4) The Clerk of Court is directed to close the case.

            **BY THE COURT:**

            s/James M. Munley

            **JUDGE JAMES M. MUNLEY**
            **United States District Court**